IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:14-CR-3039 |
| vs. | MEMORANDUM AND ORDER |
| MICHAEL S. STANSALL, | |
| Defendant. | |

    This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 56) filed by the defendant, Michael S. Stansall. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

    A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant pled guilty, pursuant to a plea agreement, of one count of knowingly transporting a minor in interstate commerce intending to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2423(a). Filing 16 at 1; filing 37 at 1; filing 38. The plea agreement stipulated, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that the defendant would receive a sentence of 120 months' imprisonment. Filing 38 at 3. The plea agreement also set forth the factual basis for the plea, and stipulated that by signing it, the defendant was certifying that he had read the agreement and fully understood it. Filing 38 at 2, 7. The defendant signed the agreement. Filing 38 at 7.

At his change of plea hearing, the defendant testified, under oath, that he had read the plea agreement and that his counsel had explained it to him. Filing 42 at 5. He was asked if he was satisfied with his counsel, and he said he was. Filing 42 at 7. And the factual basis for the plea was again provided. Because the factual basis for the plea is important to the defendant's postconviction arguments, the Court will set it forth in detail. The government explained that:

> If the case were to proceed to trial, evidence, including the following, would be introduced:
> That on or about June 7th of 2013, here in the District of Nebraska, a 13-year-old female with the initials J.M. met the Defendant, Mr. Stansall, who at that time was age 22, and three other persons in North Platte, Nebraska. And that the 13-year-old female traveled with the Defendant and three other persons via automobile to a residence in a rural area near Wray, Colorado.
> Evidence would further show that the Defendant and the 13-year-old female remained at the rural Colorado residence overnight, and that at some time after dinner the female began to feel ill and had a headache. She went to bed, and at some time during the night she awoke and observed the Defendant sitting on a couch where she had been sleeping. He was dressed in his underwear shorts with an erection, rubbing the girl's inner thigh with his hand. She went back to sleep and awoke the following morning and discovered the Defendant lying behind her on the couch spooning her. Both were fully clothed -- or were clothed. I believe both had undergarments on. When the 13-year-old female got up, she did not feel well, had a soreness in her abdomen and vaginal area.

>    During interviews with the 13-year-old female with law enforcement after she returned to Nebraska, she told the law enforcement officer she has no memory of having sexual intercourse with the Defendant Stansall. However, after the Defendant and the girl awoke, the Defendant asked her how she liked the sex they had had the previous evening, and when the girl told the Defendant she hadn't -- had no memory and didn't remember having sex the previous night, the Defendant told her how funny it was, because if anyone asked her if they had engaged in sexual relations, she would not be able to answer or have any recollection.
>
>    Evidence would further show that the 13-year-old female and the Defendant were located in Wray, Colorado, during the, I believe, morning hours of June 8th of 2013. The 13-year-old was taken to the Bridge of Hope facility in North Platte, Nebraska, where an examination was performed and found bruising and tearing, which the examining nurse and attending physician stated were consistent with the 13-year-old having engaged in sexual intercourse within the previous 48 to 72 hours. No semen was located. No DNA sample was taken.

[Filing 42 at 17-18](#).

The defendant's counsel agreed that if the case went to trial, that evidence would go before the jury. [Filing 42 at 19](#). The defendant was asked if the factual basis was true. [Filing 42 at 19](#). The defendant said that he had "memory problems" and that "[f]rom the evidence" he believed he had committed the crime, but did not remember it. [Filing 42 at 19-21](#). The defendant said that he wanted the Court to accept his plea. [Filing 42 at 22](#). And the Court did so. [Filing 43](#).

The stipulated 120-month sentence was, in fact, the mandatory minimum. § 2423(a). The presentence report, and the Court, found the defendant's Guidelines sentencing range to be 130-162 months. [Filing 50 at 23](#); [filing 54 at 1](#). But the Court accepted the parties' plea agreement, [filing 54 at 4](#), and sentenced the defendant to a term of 120 months' imprisonment, [filing 53 at 2](#).

## DISCUSSION

The defendant claims that his counsel was constitutionally ineffective. Specifically, he claims that his counsel was ineffective in (1) misinforming him that there was sufficient evidence to support a conviction, (2) coercing him to plead guilty, (3) failing to inform him that he could withdraw his plea,

(4) not investigating, and (5) not informing him of the government's burden of proof. Filing 56 at 4-5.

To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, 683 F.3d 941, 944 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id*. Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

In the context of a challenge to a guilty plea, the deficient performance and prejudice are demonstrated if the defendant can prove that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-60 (1985); *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011).

SUFFICIENCY OF EVIDENCE

The defendant's first argument, in its entirety, is as follows:

> There is no evidence that I intended to engage in sexual activity with J.M. because I never intended to engage in sexual activity with her. My attorney misinformed me that because the grand jury had enough evidence to indict, that they had sufficient evidence to convict and that none of my witnesses would be credible.

Filing 56 at 4.

The defendant's argument fails for several reasons. First, it is important to remember that the question is not whether there was sufficient

evidence to support a conviction—rather, it is whether counsel performed sufficiently and whether, if not for counsel's alleged errors, the defendant would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 58-60. A bare assertion by a defendant that he would not have pled guilty is insufficient to support § 2255 relief. *United States v. Frausto*, 754 F.3d 640, 644 (8th Cir. 2014). And here, the defendant has not even made such an assertion. *See Covington v. United States*, 739 F.3d 1087, 1090 (8th Cir. 2014).

An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970); *United States v. Beck*, 606 F.2d 814, 816 (8th Cir. 1979). There is nothing here to suggest that the defendant's plea was not knowing and voluntary: he was specifically and repeatedly informed of the evidentiary basis for the charge against him, and decided to plead guilty on that basis. As a result of the plea agreement, he received the substantial benefit of being guaranteed the statutory mandatory minimum sentence. In other words, the fact that the defendant now claims he lacked the requisite intent does not undermine the validity of his decision to plead guilty.

Beyond that, the defendant's claim that the evidence was insufficient is simply incorrect. In addition to the factual basis for the plea, presented in the plea agreement and at the change of plea hearing, the presentence report (to which there was no objection) details the victim's account to law enforcement, which included the defendant's other attempts before and during their trip to Colorado to initiate sexual activity with her. Filing 50 at 5-7. The evidence that would have been presented at trial would have supported a conviction. *See*, *United States v. Goodwin*, 719 F.3d 857, 862 (8th Cir. 2013); *United States v. Cole*, 262 F.3d 704, 709 (8th Cir. 2001). And the defendant's purported inability to remember the incident means that as a practical matter, he could not contradict the government's evidence. If the defendant had evidence rebutting the government's case, he has not alleged what it might have been. As a result, "[i]n view of the nature of the evidence against him and the fact that the [Court] reviewed the government's case and determined that there was a factual basis for [the defendant]'s plea, the validity of his plea cannot be seriously questioned." *Beck*, 606 F.2d at 816.

In short, the defendant's allegation of insufficient evidence is contradicted by the record. And even if his allegation was accepted as true, it would not entitle him to relief, because his conviction was based on a knowing and voluntary guilty plea.

### COERCED PLEA

The defendant asserts that counsel "coersed [sic] [him] to plead guilty." Filing 56 at 5. He alleges no facts supporting this claim, except for those addressed in the context of his other claims. Such a conclusory assertion is insufficient. *United States v. Unger*, 635 F.2d 688, 692 (8th Cir. 1980). And in fact, the Court engaged the defendant in a detailed Rule 11 colloquy at his change of plea hearing, and his answers "negate any implication that his plea was coerced, uninformed or involuntary." *Beck*, 606 F.2d at 815-16.

### FAILURE TO INFORM OF POSSIBILITY OF WITHDRAWING PLEA

The defendant asserts, again without any supporting facts, that he was not informed that he could withdraw his plea. Filing 56 at 5. To begin with, in the absence of any indication that he actually *would* have withdrawn his plea, the defendant has shown no prejudice from the alleged misinformation. But, in fact, the record demonstrates that the defendant was fully informed.

The plea agreement stipulated that, by signing it, the defendant was waiving the right to withdraw his guilty plea pursuant to Rule 11(d). Such a waiver, if knowing and voluntary, is enforceable. *United States v. Stricklin*, 342 F.3d 849, 850 (8th Cir. 2003); *see United States v. Harris*, 381 F. App'x 626, 627 (8th Cir. 2010). The plea agreement clearly provided that the defendant could only withdraw his plea in the event that the Court rejected the plea agreement pursuant to Rule 11(c)(5). Filing 38 at 6. And that was explained to the defendant, not just in the plea agreement that he signed, but at the change of plea hearing. Filing 42 at 11.

In other words, the defendant was clearly informed of the one circumstance in which he could withdraw his plea, and that circumstance did not come to pass. Counsel could not have performed deficiently by not informing him of other circumstances for withdrawing his plea when, in fact, there weren't any. *See United States v. Davis*, 230 F.3d 1364 (8th Cir. 2000). Nor, in the absence of any facts suggesting both an intent to withdraw his plea and a "fair and just" reason for permitting him to do so, has the defendant alleged any basis for finding prejudice. *See United States v. Trevino*, 829 F.3d 668, 671-73 (8th Cir. 2016).

### FAILURE TO INVESTIGATE

The defendant asserts that his counsel "never investigated." Filing 56 at 5. It is not clear from the defendant's motion whether he is attempting to assert a separate claim that counsel failed to adequately investigate his case, or simply that counsel did not investigate the government's burden of proof.

Out of caution, the Court will assume this is a separate claim. But the defendant has not alleged what, if anything, his counsel failed to investigate.

He has not alleged the existence of any evidence, actual or hypothetical, which would have caused counsel to change his recommendation on the plea offer or the defendant to insist on going to trial. *See, Witherspoon v. Purkett,* 210 F.3d 901, 903-04 (8th Cir. 2000); *Thomas v. United States,* 951 F.2d 902, 905 (8th Cir. 1991). In the absence of any such allegations, the defendant has established neither deficient performance by counsel or any resulting prejudice.[1]

### FAILURE TO INFORM OF BURDEN OF PROOF

Finally, the defendant alleges that counsel did not inform him "of the legal requirements of the governments [sic] burden of proof." Filing 56 at 5. But the defendant was clearly informed of the government's general burden of proof beyond a reasonable doubt. Filing 42 at 8. He was also informed of the nature of the charge against him, and the evidence against him. Filing 42 at 3, 17-22; *see Harvey v. United States,* 850 F.2d 388, 403 (8th Cir. 1988). To the extent that the defendant may be referring to information about the specific elements of the offense—*i.e.*, may be reasserting his claim that sexual activity was not the intent of transporting the victim—he has still not alleged any facts from which it could be inferred that, if more specifically informed, he would have insisted on going to trial. *See Schone v. Purkett,* 15 F.3d 785, 790 (8th Cir. 1994).

A defendant filing a § 2255 motion must provide the Court with the kind of specific facts which would allow an intelligent assessment of the likelihood that the defendant would not have pled guilty. *See Frausto,* 754 F.3d at 644. The defendant has not even alleged that had he been more specifically informed, he would not have pled guilty and would have demanded a trial. *See Covington,* 739 F.3d at 1090. And the fact that a defendant "was not advised of every conceivable defense or favorable argument that might be posited does not render the assistance of counsel ineffective, just as it does not render his plea involuntary or uninformed." *Long v. Brewer,* 667 F.2d 742, 745 (8th Cir. 1982); *see also Schone,* 15 F.3d at 790.

In light of the government's evidence against the defendant, and the defendant's apparent inability to answer that evidence with any of his own, there is no basis to find that counsel's advice to plead guilty—and to be sentenced to the mandatory minimum—was not within the range of competence demanded of attorneys in criminal cases. *See Taylor v. Bowersox,*

---

[1] The Court is aware that counsel's decisions resulting from failure to investigate are not entitled to the presumption of competent performance. *Marcrum v. Luebbers,* 509 F.3d 489, 506 (8th Cir. 2007). But there is no need to rely on such a presumption here, where the defendant has completely failed to allege facts supporting his claim.

329 F.3d 963, 972 (8th Cir. 2003). Nor is there any reason to believe that the alleged failure on counsel's part affected the defendant's decision to plead guilty. *See id.*

### REQUEST FOR LEAVE TO AMEND

The defendant seeks to excuse the lack of specificity in his allegations by claiming that he needs access to "documents" and to amend his complaint. Filing 56 at 5. He asserts that he "[c]annot provide Document based, factual Allegations of a specific nature because the clerk and my attorney refuse to provide any documents, including a single docket sheet."[2] Filing 56 at 5. And, he says, he "need[s] [his] documents [and] time to amend [his] § 2255 properly." Filing 56 at 5. He claims to "have multiple grounds" to amend his motion, but "also need to timely file and couldn't get documents." Filing 56 at 9.

But that does not explain why, if the defendant knows he has "multiple grounds" for relief, he is unable to identify them. The Federal Rules of Civil Procedure govern § 2255 motions, meaning that Fed. R. Civ. P. 15(a) controls the defendant's request to amend his motion. *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006); *see Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999). The Court has the discretion to grant or deny the request. *Clemmons*, 177 F.3d at 686. But the Court will not grant leave to amend where, as here, the defendant has done nothing to explain the substance of his proposed amendment. *See*, *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 958 (8th Cir. 2012); *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th Cir. 2011); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 805-06 (8th Cir. 2006).

It appears to the Court that what the defendant is really trying to do isn't "amend" his motion—rather, he is trying to avoid the 1-year statute of limitations. *See* § 2255(f). He has filed a bare-bones § 2255 motion as a "placeholder," apparently intending to "amend" it later to actually include sufficient claims. That is not a new tactic. *E.g.*, *United States v. Cain*, No. 4:06-CR-3014, 2008 WL 5423845, at *3 (D. Neb. Dec. 30, 2008). By asking for an open-ended "leave to amend," the defendant is in effect looking for an extension of time to file his *real* § 2255 motion. *See id.*

But the circumstances under which the Court may extend the statute of limitations are narrow. If the defendant's § 2255 motion were to be

---

[2] The record does not support the defendant's claim that the Clerk of the Court refused to provide him with any documents: rather, the Clerk simply asked him to pay for the copies, as is permitted. Filing 55; filing 57; *see*, 28 U.S.C. § 1915; *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074, 1075 (8th Cir. 1980); *see also Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995). And the defendant did not make any request pursuant to 28 U.S.C. § 753.

impeded by an unconstitutional or unlawful government action, or based on a newly recognized constitutional right, or supported by facts that could not have been discovered until after the judgment of conviction became final, then it is possible that the motion *might* be timely even if filed more than 1 year after the judgment became final. *See* § 2255(f). In addition, when *extraordinary circumstances beyond a petitioner's control* prevent a timely filing, equitable tolling of the 1-year limitation period may be appropriate. *Byers v. United States*, 561 F.3d 832, 835-37 (8th Cir. 2009); *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006). But that is "an exceedingly narrow window of relief" and requires proof that the petitioner has been pursuing his rights diligently and some extraordinary circumstances stood in his way. *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013).

The defendant has alleged no such circumstances—instead, he seems to be attempting an end run around them, and neither Rule 15(a) nor § 2255(f) permit such a tactic. In the absence of any suggestion of the substance of a non-futile amendment, or any showing of the extraordinary circumstances required to extend the statute of limitations, the Court will not permit the defendant to file an amended motion.

## CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 56) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

4. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 26th day of October, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge