IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:14-CR-3039 |
| vs. | |
| MICHAEL S. STANSALL, | ORDER |
| Defendant. | |

This matter is before the Court on the defendant's "Motion to Amend" (filing 60). That motion will be denied.

The defendant's motion is difficult to understand. He asks the Court to amend his "pending" 28 U.S.C. § 2255 motion—but, his previous § 2255 motion was denied on October 26, 2016. *See* filing 58; filing 59. So, there is no pending § 2255 motion to "amend." *Compare United States v. Sellner*, 773 F.3d 927, 931-32 (8th Cir. 2014). And the time to appeal that ruling has obviously passed, so the Court's judgment is final. *See* Fed. R. App. P. 4(a)(1)(B); *Jeffries v. United States*, 721 F.3d 1008, 1013 (8th Cir. 2013).

Because the defendant's previous § 2255 motion was denied on the merits, his present motion to amend can only be characterized as a second or successive § 2255 motion. *See Sellner*, 773 F.3d at 932 ("key factor in determining whether a petition should be considered 'second or successive' is whether a prior petition has been adjudicated on the merits"); *see also United States v. Lee*, 792 F.3d 1021, 1023-25 (8th Cir. 2015) (motion seeking relief from denial of § 2255 motion was second or successive application); *United States v. Lambros*, 404 F.3d 1034, 1036–37 (8th Cir. 2005) (same). Such a motion requires authorization by the Court of Appeals. *See* § 2255(h); 28

U.S.C. § 2244(b)(3). The defendant has not obtained such authorization, so his "motion to amend" will be denied. *See United States v. Patton,* 309 F.3d 1093, 1094 (8th Cir. 2002); *see also United States v. Carranza,* 467 F. App'x 543 (8th Cir. 2012).

IT IS ORDERED that the defendant's "Motion to Amend" (filing 60) is denied.

Dated this 2nd day of January, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge