IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:14-CR-3039 |
| vs. | ORDER |
| MICHAEL S. STANSALL, | |
| Defendant. | |

This matter is before the Court on the defendant's motion for relief from judgment (filing 62) pursuant to Fed. R. Civ. P. 60(b)(6). The defendant asks the Court for relief from the Court's order (filing 58) and judgment (filing 59) denying his motion to vacate (filing 56) pursuant to 28 U.S.C. § 2255. The defendant's Rule 60 motion will be denied.

Rule 60 lists several grounds for relief from a final judgment, none of which are invoked here, but the catchall provision—Rule 60(b)(6)—permits a court to reopen a judgment for "any other reason that justifies relief." Rule 60(b) vests wide discretion in courts, but relief under Rule 60(b)(6) is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017). In determining whether extraordinary circumstances are present, the Court may consider a wide range of factors including, in an appropriate case, the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process. *Id.* But "such circumstances will rarely occur in the habeas context." *Id.* at 772 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

Such extraordinary circumstances are not present here. The defendant's argument is that his § 2255 motion was not well-presented to the

Court, and that due process was violated when his § 2255 motion "was denied without clearification [sic] on [his] issue." Filing 62 at 2. He is, he says, "not seeking to add any new claims." Filing 62 at 2. In essence, the defendant is asking for a do-over on his § 2255 motion.

But what the defendant hasn't done is explained why any of the Court's findings in denying his § 2255 motion were incorrect. And there is nothing at all "extraordinary" about a deficient § 2255 motion. The Supreme Court has gone so far as to hold that a Rule 60(b)(6) motion seeking to reopen a federal habeas petition should be rejected even where the grounds for denying the petition were abrogated by subsequently decided caselaw. *Gonzalez*, 545 U.S. at 537-38; *see also Williams v. Kelley*, 854 F.3d 1002, 1009 (8th Cir. 2017). It is clear, then, that a judgment which has not been legally undermined in any way is not subject to Rule 60(b)(6). *See Davis v. Kelley*, 855 F.3d 833, 835-36 (8th Cir. 2017).

In short, the only circumstances present here are *ordinary* circumstances: the defendant filed a § 2255 motion, and the Court found that it lacked merit. There is no basis for relief under Rule 60(b)(6).

IT IS ORDERED that the defendant's motion for relief from judgment (filing 62) is denied.

Dated this 13th day of February, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge